IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN H. WHITT,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-4996
**CHIEF JUDGE ALGENON L. MARBLEY**
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Petitioner has filed an Application to Proceed *in forma pauperis*. (ECF No. 1.) Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED.**

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so

appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here.

## I. Facts and Procedural History

Petitioner challenges his June 15, 2010 convictions after a jury trial in the Coshocton Court of Common Pleas on two counts of rape and two counts of sexual battery arising out of the sexual abuse of Petitioner's minor granddaughter, resulting in the birth of two children. The Ohio Supreme Court summarized the facts and procedural history of the case as follows:

> {¶ 2} In 2009, a Coshocton County grand jury issued a four-count indictment against Whitt for the alleged rape and sexual battery of his wife's granddaughter. Count one charged him with the rape of a victim under the age of 13, in violation of R.C. 2907.02(A)(1)(b). Count two charged him with a separate rape "by force or threat of force," in violation of R.C. 2907.02(A)(2). And counts three and four alleged sexual battery.
>
> {¶ 3} Whitt was found guilty on all counts after a bench trial. The court of appeals affirmed his convictions but remanded for a new sentencing hearing. *State v. Whitt*, 5th Dist. Coshocton No. 10-CA-10, 2011-Ohio-3022, 2011 WL 2447416, ¶ 88, appeal not accepted, 130 Ohio St.3d 1417, 2011-Ohio-5605, 956 N.E.2d 309. On remand, the trial court merged the sexual-battery counts with the rape counts before resentencing Whitt, and the court of appeals affirmed. *State v. Whitt*, 5th Dist. Coshocton No. 12-CA-3, 2012-Ohio-3094, 2012 WL 2612949, ¶ 4, 24.
>
> {¶ 4} On September 7, 2018, Whitt filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals, alleging that his convictions were void for lack of subject-matter jurisdiction. According to Whitt, the evidence at trial showed that the count-one rape occurred in Sunbury, Ohio (Delaware County), the count-two rape happened in Pennsylvania, the location of the sexual battery alleged in count three was never established, and the count-four sexual battery occurred in either Tennessee or Kentucky. Whitt argues that because none of the crimes occurred in Coshocton County, the common pleas court lacked jurisdiction to convict him, therefore entitling him to a writ of habeas corpus compelling his immediate release.
>
> {¶ 5} Warden Harris filed a motion for summary judgment, which the court of appeals granted. The court of appeals determined that Whitt's claims were barred by res judicata and denied the writ on that basis. Whitt appealed.

*State ex rel. Whitt v. Harris*, -- N.E.3d --, 2019 WL 4936278, at *1 (Ohio Oct. 8, 2019). On October 19, 2019, the Ohio Supreme Court affirmed the judgment of the state appellate court. *Id*.

On November 12, 2019, Petitioner filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. He asserts that the trial court lacked subject matter jurisdiction and that the evidence was constitutionally insufficient to sustain his convictions because the State failed to prove the location of the crimes alleged (claim one); and that the State failed to establish venue and subject matter jurisdiction (claim two).

## II. Successive Petition

However, this is not Petitioner's first federal habeas corpus petition. On August 15, 2012, he filed his first action under 28 U.S.C. § 2254 challenging these same convictions. On August 7, 2014, Judgment was entered dismissing that action. *Whitt v. Warden, Lebanon Corr. Inst.*, No. 2:12-cv-731. On January 28, 2015, the United States Court of Appeals for the Sixth Circuit denied Petitioner's motion for a certificate of appealability. On February 11, 2015, Petitioner filed his second federal habeas corpus petition again challenging these same convictions. On June 1, 2015, this Court issued an Opinion and Order transferring that action to the Sixth Circuit as a successive petition. *Whitt v. Warden, Lebanon Corr. Inst.*, No. 2:15-cv-560. On January 6, 2016, the Sixth Circuit denied Petitioner's motion for a successive habeas corpus petition.

28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

## III. Disposition

Consequently, the Magistrate Judge **RECOMMENDS** this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### **Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

The Clerk is **DIRECTED** to serve a copy of the Petition and this Report and Recommendation to the Respondent Warden and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o:

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov

**IT IS SO ORDERED.**

_s/ *Elizabeth A. Preston Deavers*_
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge