# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHEN H. WHITT,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-04996
CHIEF JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER

On November 14, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as successive. (ECF No. 4.) Petitioner has filed a Motion for Stay and Abeyance and an Objection to the Magistrate Judge's Report and Recommendation. (ECF Nos. 6, 7.)

This action is Petitioner's third federal habeas corpus petition challenging his same convictions on charges of rape and sexual battery. Petitioner, however, objects to the recommendation that this case be transferred to the Sixth Circuit as successive. He maintains that, because the trial court lacked jurisdiction, this Court may nonetheless consider the merits of his claims. He requests a stay of proceedings pending his filing of a motion for a new trial in order to exhaust a claim of prosecutorial misconduct. (ECF No. 6).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. As discussed, this action plainly constitutes a successive petition. This Court, therefore, lacks jurisdiction to consider Petitioner's claims absent authorization from the Sixth Circuit. *See In re Owens*, 525 F. App'x 287, 291 (6th Cir. 2013) (citing 28 U.S.C. 2244(b)(3)(A)).

Petitioner's Objection (ECF No. 7) is **OVERRULED**. The Report and Recommendation (ECF No. 4) is **ADOPTED** and **AFFIRMED**. The Motion for Stay and Abeyance (ECF No. 6) is **DENIED**. This case is hereby **TRANSFERRED** to the Sixth Circuit as successive.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The

court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate the transfer of this action to the Sixth Circuit as successive. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith, and thus, an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

**Date: January 27, 2020**        s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**